BARHAM, Justice
(dissenting).
The majority is totally cognizant of the fact that on the face of the pleadings and proceedings in this case there appear violations of two articles of the Code of Criminal Procedure. They cannot argue that this is not error discoverable on the face of the pleadings and proceedings. La.C. Cr.P. art. 920(2).
After observing from the record as first lodged here that there might be error in the pleadings and proceedings, this Court ordered the district court to supplement the record by supplying the bill of information and the list of responsive verdicts. The bill of information was forwarded to this Court but there is not, and never has been in this record, a list of responsive verdicts, and therefore there is not in this record a verdict written “on the back of the list of responsive verdicts.” The verdict in this case was returned on the face of the bill of information.
The codal provisions violated are as follows :
“After charging the jury, the judge shall give the jury a written list of the verdicts responsive to each offense charged, with each separately stated. The list shall be taken into the jury room for use by the jury during its deliberation,” La.C.Cr.P. art. 809.
“When a verdict has been agreed upon, the foreman shall write the verdict on the back of the list of responsive verdicts given to the jury and shall sign it. There shall be no formal requirement as to the language of the verdict except that it shall clearly convey the intention of the jury.
“ * * *.” La.C.Cr.P. art. 810.
While it is not necessary to examine the reason and wisdom of a law when it is stated unambiguously, it should be obvious to any one that the requirement for a written list of responsive verdicts gives an assurance that the jury will know the specific verdicts which can be returned as it deliberates. The returning of the verdict by writing on the reverse of responsive verdicts gives further assurance that the jury did in fact consider all possible verdicts which could be returned in the case. La. C.Cr.P. art. 921 requires this Court to reverse when the error “constitutes a substantial violation of a constitutional or statutory right.” Discoverable from a mere reading of the pleadings and proceedings are two substantial violations of rights afforded by two statutes. We are required to notice the error and we are required to reverse.
I respectfully dissent.